**Rochelle SEABRON, an individual, Plaintiff—Appellant,**

v.

**SONY MUSIC ENTERTAINMENT, INC., a Delaware Corporation, Defendant—Appellee.**

No. 03–56847.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2005.

Decided June 9, 2005.

Kendall E. James, Esq., Ivie, McNeill & Wyatt, Los Angeles, CA, for Plaintiff–Appellant.

Barrett K. Green, Esq., Littler & Mendelson, Los Angeles, CA, for Defendant–Appellee.

Before: REINHARDT, KOZINSKI, and THOMAS, Circuit Judges.

### MEMORANDUM *

The district court did not err in granting summary judgment on Seabron's claim of race discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov.Code § 12900, *et. seq.* In considering FEHA claims in diversity actions, federal courts apply the three-stage burden-shifting test established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 354, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000).

In applying the *McDonnell Douglas* analysis, the district court found that Seabron had established a prima facie case of discrimination. However, the district court also found that Sony had rebutted the case by offering a legitimate, nondiscriminatory basis for its employment decision, namely a corporate restructuring of the department where Seabron worked to develop a stronger presence in Mix Shows. The result of the restructuring was that Seabron was replaced by a person who allegedly had more experience in that area. At that point, in order to avoid summary judgment, Seabron was obligated to show that there was a genuine issue of material fact as to whether Sony's articulated legitimate, nondiscriminatory reason was pretextual. *See Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 890 (9th Cir. 1994).

In response, Seabron highlighted perceived contradictions as to the person who actually made the decision to fire her and emphasized her qualifications. None of this evidence demonstrated the articulated nondiscriminatory reason was a pretext for racial discrimination. Seabron also suggested that the restructuring itself may have been racially motivated, but offered no direct evidence. However, to defeat summary judgment, a nonmoving party must respond with something more than

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

conclusory allegations or speculation. *Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 270 (9th Cir.1996). Seabron failed to present any disputed issue of fact that could support a rational inference that Sony engaged in intentional discrimination. *See Guz,* 24 Cal.4th at 357, 100 Cal.Rptr.2d 352, 8 P.3d 1089. Therefore, the district court properly granted summary judgment on the claim of race discrimination.

The district court also did not err in granting summary judgment on Seabron's claim of sex discrimination in violation of FEHA. Sony provided the same legitimate, nondiscriminatory reason for its employment action, and Seabron did not tender sufficient evidence to establish a genuine issue of material fact showing that the articulated reason was pretextual.

AFFIRMED.